IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

**********************************  Case No.   17-CR-59 (TJM)

UNITED STATES OF AMERICA

                                                     GOVERNMENT'S SENTENCING
                                                     MEMORANDUM

     v.

ROBERT TWISS,

       Defendant.

**********************************

    The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the defendant be sentenced to a term of imprisonment within the advisory guidelines range (10-16 months), and be placed on a term of supervised release for three years.

**I**

**INTRODUCTION**

    On March 20, 2017, absent a written plea agreement, the defendant entered a guilty plea to Count 1 of Information (17-CR-59), in violation of 18 U.S.C. §§ 922(g)(1) (Possession of a Firearm by a Prohibited Person).  The defendant is scheduled to be sentenced on August 15, 2017.

II

APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1. **Statutory Maximum Sentences**

The defendant's conviction for possessing a firearm while being a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1), subjects the defendant to a statutory maximum term of imprisonment of ten years, *see* 18 U.S.C. § 924(a)(2); a maximum term of supervised release of three years, *see* 18 U.S.C. § 3583(b)(2); and a fine of $250,000, s*ee* 18 U.S.C. § 3571.

2. **Guidelines Provisions**

   a. **Offense Level**

Under the federal sentencing guidelines, the base offense level for the defendant's conviction for possessing a firearm while being a prohibited person is 14. *See* U.S.S.G. § 2K2.1(a)(6); PSR ¶ 20.

   b. **Acceptance of Responsibility**

The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

   c. **Criminal History Category**

According to the presentence report, the defendant's criminal history category is one. The government agrees with the Probation Office's determination of the defendant's criminal history category.

## III

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of imprisonment within the advisory guidelines range of (10 – 16 months) and impose a term of supervised release of three years. The defendant's conduct is serious and involved possessing a rifle while being a previously convicted felon. Moreover, the defendant has made a number of troubling statements which are suggestive of potential violence. The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).

Finally, "in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see*, *e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).[1]

---

[1] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Respectfully submitted this 24th day of July, 2017,

                              GRANT C. JAQUITH
                              Acting United States Attorney

By:        *Richard D. Belliss*
              Richard D. Belliss
              Assistant United States Attorney
              Bar Roll No. 515295

4